UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY HUNT LEE,

Plaintiff,

v.

CLEAR BLUE SPECIALTY INSURANCE
COMPANY, et al.,

Defendants.

Case No. 20-cv-07053-AGT

**ORDER DISCHARGING ORDER TO
SHOW CAUSE, GRANTING LEAVE
TO FILE SECOND AMENDED
COMPLAINT, TERMINATING
DEFENDANT BERKLEY INSURANCE
COMPANY'S MOTION TO DISMISS
AS MOOT**

On December 23, 2020, defendant Berkley Insurance Company ("Berkley") filed a motion to dismiss plaintiff's first amended complaint.  ECF No. 21.  Plaintiff did not file a timely opposition and instead, on January 12, 2021, plaintiff filed a purported second amended complaint, ECF No. 23, without leave of court or written consent from the opposing parties as required by Federal Rule of Civil Procedure 15(a)(2).  Berkley objected to the second amended complaint, ECF No. 24, and on January 20, the Court ordered plaintiff to show cause why the second amended complaint should not be stricken for failure to comply with Rule 15(a)(2), ECF No. 25 ("OSC").  Plaintiff filed a timely response to the OSC, which explains that plaintiff's counsel "made a procedural error" by filing the second amended complaint without a stipulation or court order, and requests that plaintiff be given leave to amend.  ECF No. 28.  Berkley responds that the Court should deny leave to amend because the proposed amendment is futile as to Berkley.  ECF No. 29; *see also* ECF No. 24 at 2–3.  Specifically, Berkley argues that the proposed second amended complaint, although containing "material new matter," ECF No. 24 at 2, remains deficient because it fails to adequately allege notice to Berkley during the policy period, ECF No. 29 at 3–4.

Under Rule 15(a), "[i]f the underlying facts or circumstances relied upon by a plaintiff may

1    be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

2    merits." *Allen v. Bayshore Mall*, No. 12-cv-02368-JST, 2013 WL 6441504, at *5 (N.D. Cal. Dec.

3    9, 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  For this reason, denial of a request

4    for leave to amend on the ground of futility "is rare and courts generally defer consideration of

5    challenges to the merits of a proposed amended pleading until after leave to amend is granted and

6    the amended pleading is filed." *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-cv-

7    01393-JST, 2017 WL 3149297, at *4 (N.D. Cal. July 25, 2017) (citation omitted).  At this point,

8    without the benefit of formal briefing on the sufficiency of plaintiff's new allegations regarding

9    notice, the Court cannot say as a matter of law that the amendment would be futile.  The Court

10   therefore declines to deny leave to amend on that basis.

11          Having considered the other relevant factors in deciding whether to grant leave to amend,

12   *see In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), and

13   that Rule 15(a)(2) "is to be applied with extreme liberality," *Owens v. Kaiser Found. Health Plan,*

14   *Inc.*, 244 F.3d 708, 712 (9th Cir. 2001), with "all inferences [drawn] in favor of granting [leave to

15   amend]," *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999), the Court grants

16   plaintiff leave to file the second amended complaint.  Berkley's motion to dismiss the first

17   amended complaint is terminated as moot.

18          Plaintiff shall refile the second amended complaint at ECF No. 23 in compliance with Civil

19   Local Rule 5.1(e)(2) by **February 23, 2021.**  The initial case management conference currently

20   scheduled for March 5, 2021 is continued to **March 26, 2021 at 2:00 p.m.**

21          **IT IS SO ORDERED.**

22   Dated:  February 19, 2021

23

24          ALEX G. TSE
             United States Magistrate Judge

25

26

27

28

United States District Court
Northern District of California